**Amrick SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

General,* Respondent.

No. 02–72188.
Agency No. A75–256–069.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.**

Decided Sept. 16, 2003.

Inna Lipkin, Sunnyvale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Margaret K. Taylor, Office Of Immigration Litigation, Margaret Perry, Washington, DC, DOJ–U.S. Department Of Justice, for Respondent.

---

\* The Attorney General of the United States is the proper respondent in a petition for review of an order of removal. *See* 8 U.S.C. § 1252(b)(3)(A). The clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

### MEMORANDUM***

Amrick Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' streamlined dismissal of his appeal from an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review an IJ's adverse credibility determination for substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). We grant the petition and remand.

■ Minor discrepancies cited in Singh's testimony regarding the date of his arrest, and if or why Singh was not wearing a turban at his initial appearance, do not relate to his alleged fear of persecution, and cannot form the basis for an adverse credibility determination. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003).

■ Nor was a note provided by Singh's doctor in India describing "grievous injuries on several parts of his body," inconsistent with Singh's testimony simply because it failed to mention a chest injury. *Singh v. Ashcroft*, 301 F.3d 1109, 1112 (9th Cir. 2002) ("A mere omission of one detail included in Singh's oral testimony does not make the letter logically inconsistent or incompatible."). Moreover, Singh showed a scar on his chest at his deportation hearing, thereby corroborating his claim of torture. *Id.*

*** This disposition is not appropriate for publication and may not be cited to or by the

■ Finally, the IJ's observations regarding Singh's religious beliefs, Singh's participation in the Sikh nationalist movement, and the political situation in India, appear to be based on conjecture which "cannot be substituted for objective and substantial evidence." *Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir.2000).

Because the IJ's adverse credibility finding is not supported by substantial evidence, we remand for a determination of whether Singh's testimony qualifies him for asylum or withholding of removal. *See INS v. Ventura*, 537 U.S. 12, 17–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION FOR REVIEW GRANTED; REVERSED and REMANDED.**